UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS W. ALVESTEFFER,

      Plaintiff,                           Hon. Phillip J. Green

v.                                               Case No. 1:20-cv-703

HOWMET AEROSPACE,

      Defendant.

_____/

## OPINION

This matter is before the Court on Plaintiff's Motion to Reconsider, Alter, and Amend the Court's Order. (ECF No. 51). For the reasons articulated herein, Plaintiff's motion will be denied.

## BACKGROUND

Plaintiff initiated this action alleging that the decision by Defendant Howmet to terminate his disability benefits violated the Employee Retirement Income Security Act (ERISA). Plaintiff also moved the Court to find him entitled to disability benefits from May 22, 2019. The Court granted in part and denied in part Plaintiff's request for relief. Specifically, the Court, finding that Howmet acted arbitrarily and capriciously, vacated the decision to terminate Plaintiff's disability benefits. The Court, however, further determined that Plaintiff had failed to establish that he was entitled to benefits. Plaintiff now moves the Court to "reconsider, alter, and amend" this decision.

## ANALYSIS

Plaintiff moves for relief pursuant to Federal Rule of Civil Procedure 59(e). To obtain relief pursuant to this Rule, Plaintiff must show: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in the controlling law; or (4) the need to correct a manifest injustice. *See, e.g., Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009); *Williams v. Forshey*, 2021 WL 3173644 at *1 (S.D. Ohio, July 26, 2021).

Plaintiff does not challenge the decision that Howmet improperly terminated his disability benefits. Rather, Plaintiff asks the Court to reconsider its decision that this matter must be remanded for "further assessment whether Plaintiff is disabled as defined by the Plan." Specifically, Plaintiff moves the Court to find him disabled and award him benefits. On the question of remedy, the Court previously found:

> Having concluded that Defendant's decision to terminate Plaintiff's disability benefits was improper, the question becomes the remedy to which Plaintiff is entitled. The Sixth Circuit has indicated that in circumstances such as this, the Court has two options: (1) award benefits to the claimant or (2) remand the matter to the plan administrator. *See, e.g., Shaw v. AT & T Umbrella Benefit Plan No. 1*, 795 F.3d 538, 551 (6th Cir. 2015).
>
> In his complaint, Plaintiff requests that the Court order Defendant to resume his disability payments, including payment (with interest) of back benefits improperly withheld. Plaintiff has failed, at this juncture, to demonstrate entitlement to this relief. While Plaintiff has persuasively established that Defendant's decision terminating his benefits was arbitrary and capricious, whether Plaintiff is disabled as defined by the Plan is a matter beyond the experience and expertise of this Court. Plaintiff has failed to persuade the Court that he is disabled as defined by the Plan. Defendant's conclusion that Plaintiff can still perform a limited range of sedentary work does not appear unreasonable. Furthermore, while Defendant has failed to present evidence that there exist sedentary jobs which Plaintiff can still perform, Plaintiff has failed to present evidence that no such jobs exist.

> As the Sixth Circuit stated, "where the problem is with the integrity of the plan's decision-making process, rather than that a claimant was denied benefits to which [he] was clearly entitled, the appropriate remedy generally is remand to the plan administrator." *Id.* at 551. Accordingly, the Court will remand this matter to Defendant for further assessment whether Plaintiff is disabled as defined by the Plan.

(ECF No. 41, PageID.1996-97).

In his present motion, Plaintiff assures that he is "not asking the Court to become a medical or vocational expert, but only to review the expert opinions already provided by Plaintiff, and if it deems those opinions to be competent and valid, to reconsider and alter or amend its opinion accordingly and award benefits." (ECF No. 52, PageID.2108-09). The Court does not dispute that Plaintiff suffers from serious medical conditions and experiences significant limitations in his ability to perform work activities. The question, however, is whether Plaintiff is unable to "perform each of the material duties of any gainful occupation for which [he is] reasonably suited by training, education or experience." (ECF No. 41, PageID.1979).

One of the fundamental shortcomings in Defendant's decision-making process was that, having determined that Plaintiff's impairments limited him to a range of *sedentary* work, Defendant found Plaintiff not disabled because there existed *light* work which he could allegedly still perform. The illogic of this decision is obvious. Plaintiff urges the Court to now conclude that there does not exist any *sedentary* work that Plaintiff can perform, thus rendering him disabled.

While the Court acknowledges that Plaintiff has presented evidence that arguably supports this outcome, for the Court to award Plaintiff benefits it has to find that Plaintiff is "clearly entitled" to such.  *See Shaw v. AT & T Umbrella Benefit Plan No. 1*, 795 F.3d 538, 551 (6th Cir. 2015).  To find that Plaintiff is "clearly entitled" to disability benefits necessarily requires the Court to evaluate and weigh medical and vocational evidence.  Plaintiff implicitly acknowledges this by arguing that if the Court will simply find the opinions of his experts to be "competent and valid," his entitlement to relief is established.  As the Court previously concluded, however, it lacks the experience and expertise to evaluate such opinions or to otherwise evaluate medical or vocational evidence.  Simply put, despite Plaintiff's assurances that he is "not asking the Court to become a medical or vocational expert," this is precisely what Plaintiff is requesting.  The Court, again, declines to do so.  Accordingly, because Plaintiff has failed to demonstrate that he is entitled to relief under Rule 59(e), his motion is denied.

## CONCLUSION

For the reasons articulated herein, Plaintiff's Motion to Reconsider, Alter, and Amend the Court's Order, (ECF No. 51), is denied.

**IT IS SO ORDERED.**

Date: September 6, 2022  /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge